**LIEBLING, MALAMUT & SUNKETT, LLC**
1939 ROUTE 70 EAST, SUITE 220
CHERRY HILL, NJ 08003
(856) 424-1808
Attorney for Plaintiff, Enid Reyes

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| ENID REYES, Plaintiff, | : CIVIL ACTION No. |
| ROBERT JUMPER, A & H METALS, INC. BRIAN PERREY, JOHN DOES 1-5, JANE DOES 1-5, ABC COMPANIES 1-5 AND XYZ CORPORATION 1-5, i/j/s/a, | : COMPLAINT AND DEMAND FOR JURY TRIAL |

### JURISDICTIONAL STATEMENT

1. Jurisdiction within the United States District Court for the District of New Jersey is based upon Diversity Jurisdiction of the parties pursuant to 28 U.S.C.A. Section 1332.

2. The Plaintiff, Enid Reyes, residing at 14 East Union Street, in Penns Grove, Salem County and State of New Jersey.

3. The Defendant, Robert Jumper, residing at 808 Lorewood Grove, in Middletown, New Castle County and State of Delaware.

4. The Defendant A & H Metals, Inc. doing business at 249 East Chestnut Hill, in Newark, New Castle County and State of Delaware.

5. The Defendant, Brian Perrey doing business at 249 East Chestnut Hill, in Newark, New Castle County and State of Delaware.

6. The amount in controversy exceeds $75,000.00.

Plaintiff, Enid Reyes, by way of Complaint against Defendants, say:

## FIRST COUNT

1. On or about April 20, 2010, Plaintiff, Enid Reyes, was the operator of a motor vehicle traveling southbound on Virginia Avenue in Penns Grove, County of Salem and State of New Jersey.

2. At or about the aforementioned time and place, Defendant, Robert Jumper, was the operator of a motor vehicle traveling southbound on Virginia Avenue in Penns Grove, County of Salem and State of New Jersey.

3. The Defendant, Robert Jumper, did operate his motor vehicle in such a careless and negligent manner so as to cause the same to collide with the vehicle occupied by Plaintiff.

4. Said accident was caused by the carelessness and negligence of the Defendant, Robert Jumper, in that he failed to make proper observations, failed to keep his vehicle under control, failed to use his braking apparatus, was traveling at a rate of speed unsafe for the conditions then and there existing, and was otherwise negligent and in violation of the motor vehicle statutes of the State of New Jersey.

5. As a direct and proximate result of the negligence of Defendant, Robert Jumper, Plaintiff was severely injured, sustained great pain and suffering, was caused to expend monies for her medical care and treatment, and was prevented from attending to her normal duties and activities, all of which are presently continuing and will continue into the future.

**WHEREFORE,** Plaintiff, Enid Reyes, demands judgment against the

Defendant, Robert Jumper, for such sums as will adequately compensate her under the laws of the State of New Jersey, together with interest and costs of suit.

## SECOND COUNT

1. Plaintiff, Enid Reyes, hereby repeats each and every allegation contained in the First Count as if set forth fully herein.

2. At the time and place aforesaid, the Defendant, Robert Jumper, was operating the aforementioned motor vehicle as the agent, servant, and/or employee of the Defendant, A & H Metals, Inc., and accordingly the doctrine of respondeat superior would apply.

3. Defendant, A & H Metals, Inc., negligently entrusted the vehicle driven by Defendant, Robert Jumper, to said Defendant and was in other ways negligent.

4. As a direct and proximate result of the negligence of the Defendant, A & H Metals, Inc., Plaintiff was severely injured, sustained great pain and suffering, was caused to expend monies for her medical care and treatment, and was prevented from attending to her normal duties and activities, all of which are presently continuing and will continue into the future.

**WHEREFORE**, Plaintiff, Enid Reyes, demands judgment against Defendant, A & H Metals, Inc., for such sums as will adequately compensate her under the laws of the State of New Jersey, with interest and costs of suit.

## THIRD COUNT

1. Plaintiff, Enid Reyes, hereby repeats each and every allegation contained in the First and Second Counts as if set forth fully herein.

2. At the time and place aforesaid, the Defendant, Robert Jumper, was operating the aforementioned motor vehicle as the agent, servant, and/or employee of the Defendant, Brian Perrey, President of A & H Metals, Inc., and accordingly the doctrine of <u>respondeat superior</u> would apply.

3. Defendant, Brian Perrey, negligently entrusted the vehicle driven by Defendant, Robert Jumper to said Defendant and was in other ways negligent.

4. As a direct and proximate result of the negligence of the Defendant, Brian Perrey, Plaintiff was severely injured, sustained great pain and suffering, was caused to expend monies for her medical care and treatment, and was prevented from attending to her normal duties and activities, all of which are presently continuing and will continue into the future.

**WHEREFORE**, Plaintiff, Enid Reyes, demands judgment against Defendant, Brian Perrey, for such sums as will adequately compensate her under the laws of the State of New Jersey, with interest and costs of suit.

### FOURTH COUNT

1. Plaintiff, Enid Reyes, hereby repeats each and every allegation contained in the First through Third Counts as if set forth fully herein.

2. At or about the aforementioned time and place, Defendant, John Does 1-5, was the operator of a motor vehicle traveling southbound on Virginia Avenue, in Penns Grove, County of Salem and State of New Jersey.

3. The Defendant, John Does 1-5, did operate his motor vehicle in such a careless and negligent manner so as to cause the same to collide with the vehicle occupied by Plaintiff.

4. Said accident was caused by the carelessness and negligence of the

Defendant, John Does 1-5, in that he failed to make proper observations, failed to keep his vehicle under control, failed to use his braking apparatus, was traveling at a rate of speed unsafe for the conditions then and there existing, and was otherwise negligent and in violation of the motor vehicle statutes of the State of New Jersey.

5. As a direct and proximate result of the negligence of Defendant, John Does 1-5, Plaintiff was severely injured, sustained great pain and suffering, was caused to expend monies for her medical care and treatment, and was prevented from attending to her normal duties and activities, all of which are presently continuing and will continue into the future.

**WHEREFORE,** Plaintiff, Enid Reyes, demands judgment against the Defendant, John Does 1-5, for such sums as will adequately compensate her under the laws of the State of New Jersey, together with interest and costs of suit.

## FIFTH COUNT

1. Plaintiff, Enid Reyes, hereby repeats each and every allegation contained in the First through Fourth Counts as if set forth fully herein.

2. At the time and place aforesaid, the Defendant, Jane Does 1-5, was operating the aforementioned motor vehicle as the agent, servant, and/or employee of the Defendant, ABC Companies 1-5, and accordingly the doctrine of respondeat superior would apply.

3. Defendant, ABC Companies 1-5, negligently entrusted the vehicle driven by Defendant, John Does 1-5, to said Defendant and was in other ways

negligent.

4. As a direct and proximate result of the negligence of the Defendant, ABC Companies 1-5, Plaintiff was severely injured, sustained great pain and suffering, was caused to expend monies for her medical care and treatment, and was prevented from attending to her normal duties and activities, all of which are presently continuing and will continue into the future.

**WHEREFORE**, Plaintiff, Enid Reyes, demands judgment against Defendant, ABC Companies 1-5, for such sums as will adequately compensate her under the laws of the State of New Jersey, with interest and costs of suit.

## SIXTH COUNT

1. Plaintiff, Enid Reyes, hereby repeats each and every allegation contained in the First through Fifth Counts as if set forth fully herein.

2. At or about the aforementioned time and place, Defendant, Jane Does 1-5, was the operator of a motor vehicle traveling southbound on Virginia Avenue, in Penns Grove, County of Salem and State of New Jersey.

3. The Defendant, Jane Does 1-5, did operate her motor vehicle in such a careless and negligent manner so as to cause the same to collide with the vehicle occupied by Plaintiff.

4. Said accident was caused by the carelessness and negligence of the Defendant, Jane Does 1-5, in that she failed to make proper observations, failed to keep her vehicle under control, failed to use her braking apparatus, was traveling at a rate of speed unsafe for the conditions then and there existing, and was otherwise negligent and in violation of the motor vehicle statutes of the State

of New Jersey.

5. As a direct and proximate result of the negligence of Defendant, Jane Does 1-5, Plaintiff was severely injured, sustained great pain and suffering, was caused to expend monies for her medical care and treatment, and was prevented from attending to her normal duties and activities, all of which are presently continuing and will continue into the future.

**WHEREFORE**, Plaintiff, Enid Reyes, demands judgment against Defendant, Jane Does 1-5, for such sums as will adequately compensate her under the laws of the State of New Jersey, with interest and costs of suit.

## SEVENTH COUNT

1. Plaintiff, Enid Reyes, hereby repeats each and every allegation contained in the First through Sixth Counts as if set forth fully herein.

2. At the time and place aforesaid, the Defendant, Jane Does 1-5, was operating the aforementioned motor vehicle as the agent, servant, and/or employee of the Defendant, XYZ Corporations 1-5, and accordingly the doctrine of respondeat superior would apply.

3. Defendant, XYZ Corporations 1-5, negligently entrusted the vehicle driven by Defendant, Jane Does 1-5, to said Defendant and was in other ways negligent.

4. As a direct and proximate result of the negligence of the Defendant, XYZ Corporations 1-5, Plaintiff was severely injured, sustained great pain and suffering, was caused to expend monies for her medical care and treatment, and was prevented from attending to her normal duties and activities, all of which are

presently continuing and will continue into the future.

**WHEREFORE**, Plaintiff, Enid Reyes, demands judgment against Defendant, XYZ Corporations 1-5, for such sums as will adequately compensate her under the laws of the State of New Jersey, with interest and costs of suit.

## EIGHTH COUNT

1. Plaintiff, Enid Reyes, hereby repeats each and every allegation contained in the First through Seventh Counts as if set forth fully herein.

2. The Defendants, Robert Jumper, A & H Metals, Inc., Brian Perrey, John Does 1-5, Jane Does 1-5, ABC Companies 1-5 and XYZ Corporation, are liable to Plaintiff, Enid Reyes, jointly, severally, and/or in the alternative.

**WHEREFORE**, Plaintiff, Enid Reyes, demands judgment against the Defendants, Robert Jumper, A & H Metals, Inc., Brian Perrey, John Does 1-5, Jane Does 1-5, ABC Companies 1-5 and XYZ Corporation 1-5, jointly, severally, and/or in the alternative, for such sums as will adequately compensate the Estate under the laws of the State of New Jersey together with interest and costs of suit.

Date: 4/10/2012

ADAM S. MALAMUT, ESQUIRE

## CERTIFICATION

I, ADAM S. MALAMUT, attorney for plaintiff, Enid Reyes, hereby certify as follows:

1. The matter in controversy is not the subject of any other pending or contemplated court action of arbitration to the best of my knowledge.

2. All necessary parties have been joined in this action.

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

4. The amount in controversy exceeds $75,000.00.

Date: 4/10/12

_____
ADAM S. MALAMUT, ESQUIRE

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that Jason N. Sunkett, Esquire, is hereby designated as Trial Counsel.

Date: 4/10/12

_____
ADAM S. MALAMUT, ESQUIRE

## JURY DEMAND

**PLEASE TAKE NOTICE** that demand is hereby made for a trial by jury as to all issues.

Date: 4/10/12

_____
ADAM S. MALAMUT, ESQUIRE